

December 16, 2022

Byron Thomas                                                         *Via ECF Filing*
Case Manager to Judge George C. Hanks, Jr.
United States Courthouse
515 Rusk St., Room 5300
Houston, TX 77002

Re:   CASE NO. 4:22-CV-03983
      *Robert Harris, et al. v. Proppant Express Investments, LLC, et al*

## Request for Pre-Motion Conference

Hon. George C. Hanks, Jr.:

I am lead counsel for Plaintiffs. Plaintiffs request a pre-motion conference for their upcoming motion to remand.

Defendants gave notice of removal to this Court on November 16, 2022, asserting federal question jurisdiction under 28 U.S.C. §§ 1331 and 1454. On Friday, December 16, 2022, Plaintiffs again confirmed that all Defendants oppose the motion to remand.

This case should be remanded to state court for several reasons. Contrary to Defendants' contention that Plaintiffs "are actually asserting patent infringement" because of information in one of Plaintiffs' expert's reports, Plaintiffs have not (and have never) asserted any claim for patent infringement or other violation of federal law, nor do any of Plaintiffs' state law claims require adjudication in federal court. Moreover, Defendants' notice of removal was untimely because, if there is any basis for federal jurisdiction (which is denied), it has been part of this case from the time of Plaintiffs' original state court petition in January 2020. Defendants' removal is a procedural attempt to avoid a state court jury trial in February 2023.

Plaintiffs sue Defendants for fraud, breach of fiduciary duty, breach of confidence, knowing participation, and conspiracy. From the outset, and with every amendment, each of Plaintiffs' pleadings have expressly disavowed any claims

arising under federal law. All claims are Texas state law claims arising from Defendants' fraudulent misrepresentations through which they caused Plaintiffs to lose valuable rights to a patent. After entering into a joint venture to bring Plaintiffs' technology to market, Defendants misrepresented that the technology was not viable. In reliance on Defendants' misrepresentations Plaintiffs sold and assigned their patent rights to a non-party. Unbenownst to Plaintiffs, Defendants instead planned to join forces to develop and market a virtually identical product while excluding Plaintiffs. Plaintiffs do not sue Defendants for infringing a patent. Plaintiffs sue Defendants because Plaintiffs lost valuable rights to a patent because of Defendants' tortious conduct.

Under the well-pleaded complaint rule, there is no federal jurisdiction here because no federal question appears from the face of Plaintiffs' pleading. Nor do any of Plaintiffs' state law claims necessarily depend on resolution of a substantial question of federal law. As master of their own pleadings, Plaintiffs sue only for fraud, breach of fiduciary duty, and related participatory torts because Defendants used Plaintiffs to learn Plaintiffs' technology then lied to Plaintiffs about its viability, leading Plaintiffs to sell their rights to the patents. Federal district courts throughout Texas routinely remand similar suits to state court because the mere mention of a patent or a federal law, or even the loss of rights under a patent, does not present a federal question or require adjudication only in federal court. *See, e.g., Delarosa v. Matthews*, No. 6:16-CV-921-RWS-JDL, 2016 U.S. Dist. LEXIS 190662, at \*7 (E.D. Tex. Aug. 18, 2016); *Kirk v. Palmer*, 19 F. Supp. 3d 707, 711 (S.D. Tex. May 2, 2014); *WM Organic Growth, Inc. v. A-Harmony, LLC*, No. H-10-0996, 2010 U.S. Dist. LEXIS 51658, at \*7-8, 14 (S.D. Tex. May 25, 2010); *HF Controls, L.P. v. Forney Corp.*, No. 3:01-CV-0045-G, 2001 U.S. Dist. LEXIS 12778, at \*5-6 (N.D. Tex. Aug. 22, 2001); *see also Gunn v. Minton*, 568 U.S. 251, 258-65 (2013) (finding state court jurisdiction to decide state law legal malpractice claim with underlying patent infringement issues). That Plaintiff's expert confirms the copy-cat nature of Defendants' current product does not change that the substantive claims are state law claims only.

Finally, even if there is a basis for federal jurisdiction (which is denied), Defendants' removal is untimely because the same underlying patent rights have been part of this case from the January 2020 original petition. Defendants claim they first ascertained in October 2022 that Plaintiffs "are actually asserting patent infringement," but this is inaccurate. Since the January 21, 2020 original petition, Defendants have been aware that Plaintiffs' claims center on Defendants' conduct in (1) forming a joint venture with Mr. Harris to bring his logistics technology to market; (2) obtaining counsel to continue the patent application that Mr. Harris had previously filed; (3) fraudulently representing to Mr. Harris that his patent

**P:** 940.627.8308
**F:** 940.627.8092

**bpwlaw.com**
105 N. State Street
Decatur, Texas 76234

**2 |** P a g e

application was "not viable"; (4) fraudulently representing to Mr. Harris that Defendants did not want to go forward with developing his logistics technology; (5) forming a "container division" in PropX to bring Mr. Harris' technology to market to his exclusion; and (6) instructing their employees to "go around Harris and Cope's patent" in developing the PropX container. A recent expert report confirming that the PropX technology is derived from the designs Plaintiff disclosed to Defendants pursuant to the joint venture, and as detailed in the patent Plaintiffs used to own, does not change that the underlying subject matter of this case which is, in essence, Defendants' concerted theft of Plaintiffs' patent rights. Defendants should have therefore attempted removal, if it were ever proper, within thirty days of the service of the original petition. 28 U.S.C. § 1446(b).

For these reasons, Plaintiffs intend to ask the Court to remand this case to the 334th District Court of Harris County, Texas. To do so, and to comply with the Court's Procedures, Plaintiffs therefore request a pre-motion conference on that upcoming motion to remand.

Sincerely,

**Derrick S. Boyd**
*Partner*

CC:   *Via ECF Filing*
      Charles B. Walker
      Norton Rose Fulbright US LLP
      1301 McKinney, Suite 5100
      Houston, Texas 77010

      *Via ECF Filing*
      Weining Bai
      Ahmad, Zavitsanos & Mensing, PC
      1221 McKinney, Suite 2500
      Houston, TX 77010

      *Via ECF Filing*
      Gregory F. Cox
      Mostyn Law
      3810 West Alabama Street
      Houston, Texas 77027